IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | : | |
| DIVINE YAMBONG KUM | | |
| | : | |
| v. | : | Civil Action No. DKC 26-3465 |
| | : | |
| JULIET BALIGA | | |
| | : | |

**MEMORANDUM OPINION**

Plaintiff Divine Yambong Kum ("Plaintiff") filed a complaint on August 31, 2026, asserting a claim against Defendant Juliet Baliga ("Defendant") for damages related to matters heard and adjudicated in state court proceedings involving the parties' daughter. (ECF No. 1). Plaintiff also filed a Motion for Leave to Proceed in forma pauperis.[1] (ECF No. 2). Based on the information submitted, Plaintiff appears to be indigent and the motion for leave to proceed in forma pauperis will be granted. For the reasons that follow, however, the court will dismiss the complaint.

---

[1] Plaintiff requested, using a preprinted form used by the Maryland State court, to restrict access to his Motion for Leave to Proceed in forma pauperis under Maryland Rule 20-201.1. This court's policy is to restrict all such motions as the personal information contained in them should remain confidential except as recited herein. Pursuant to this court's policy, Plaintiff's Motion for Leave to Proceed in forma pauperis is restricted from public electronic access.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any case that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i),(ii). This court is mindful, however, of its obligation to construe self-represented pleadings liberally, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 94 (citing *Bell Atlantic Corp*. *v. Twombly*, 550 U.S. 544, 555–56 (2007)).

District courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. Specifically, the court may exercise jurisdiction (1) over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc*., 545 U.S. 546, 552 (2005) (federal question jurisdiction); or where parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C § 1332 (diversity jurisdiction); *Stouffer Corp. v. Breckenridge,* 859

F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).

Plaintiff asserts that this court has both federal question and diversity of citizenship subject matter jurisdiction. He is wrong on both fronts. First, he asserts that the federal statute is “Child Exploitation and Immigration Fraud,” but does not provide any title and section of the United States Code. The court is not aware of any federal statute titled with those words that creates a private right of action by a person in Plaintiff’s position against a defendant. Chapter 110 of Title 18 is part of the criminal code and is entitled “Sexual Exploitation and Other Abuse of Children, but it doesn’t apply to the claim here and does not create a private right of action. “A private litigant cannot bring a civil action under a federal penal statute unless the statute grants a private right of action. *See Charles v. Freedman*, No. CV H-22-913, 2022 WL 2223041, at *2 (S.D. Tex. June 21, 2022) (citing *Zastrow v. Houston Auto Imports Greenway Ltd*., 789 F.3d 553, 559 n.3 (5th Cir. 2015)).” *Sylvester v. Nilsson*, No. CV H-23-4085, 2024 WL 1144259, at *6 (S.D. Tex. Mar. 15, 2024).

For diversity, he provides a Maryland address for both parties and asserts they are both citizens of Cameroon. For diversity jurisdiction, there must be complete diversity between the

plaintiff and defendant. Obviously, if both are citizens of Maryland, diversity would be lacking. Furthermore, federal courts do not have diversity jurisdiction over lawsuits between two foreign parties. *Tagger v. Strauss Group Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020). Thus, either both are citizens of Maryland and there is no diversity, or both are aliens, and there is no diversity.

The federal rules require dismissal any time there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction. A separate order follows.

/s/
DEBORAH K. CHASANOW
United States District Judge